[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
We overrule the sole assignment of error advanced on appeal by plaintiff-appellant Jeff Hannah, d.b.a. Hannah Landscaping Lawn Care, upon our determination that the trial court properly entered judgment for defendant-appellee Robert A. Merkle on Hannah's complaint to recover amounts allegedly owed for landscaping and lawn-care services provided by Hannah at Wesleyan Cemetery. The trial court's determination that Merkle could not be held personally liable on the debt cannot be said to have been contrary to the manifest weight of the evidence, when the court, sitting as the trier of fact, had before it competent and credible evidence to support its conclusion that Merkle had disclosed to Hannah the existence of an agency relationship and the identity of his principal, Wesleyan Cemetery Association, and that Merkle had acted within the scope of his authority. See Dunn v. Westlake (1991), 61 Ohio St.3d 102,106, 573 N.E.2d 84, 87; James G. Smith Assoc., Inc. v. Everett (1981),1 Ohio App.3d 118, 120, 439 N.E.2d 932, 935 (holding that an agent is not ordinarily liable on contracts with a third party, when the agent has disclosed to the third party the existence of the agency and the identity of the principal, and the agent acts within the scope of his authority);C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus ("Judgments supported by some competent, credible evidence going to all of the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.")
We, therefore, affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.